# Simpson Thacher & Bartlett LLP

425 LEXINGTON AVENUE
NEW YORK, NY 10017-3954

---

TELEPHONE: +1-212-455-2000
FACSIMILE: +1-212-455-2502

Direct Dial Number
+1-212-455-7358

E-mail Address
mgarvey@stblaw.com

VIA ECF

October 21, 2024

      Re: *Zest Anchors, Llc V. Biomet 3i, Llc*, Case No. 1:23-cv-07232-JLR, Motion to Seal Confidential Exhibit

The Honorable Jennifer L. Rochon
United States District Court for the
Southern District of New York
500 Pearl Street
New York, NY 10007

Dear Honorable Judge Rochon:

  We write on behalf of Plaintiff Zest Anchors, LLC d/b/a Zest Dental Solutions ("Zest"). Pursuant to Section 4.B of Your Honor's Individual Rules of Practice in Civil Cases, Zest seeks the Court's approval to redact certain portions of two sets of correspondence, submitted under seal and with redactions as Exhibits 1 and 4 to the Declaration of Alison M. Sher. Zest submits these Exhibits in support of Zest's Motion to Dismiss the Second Counterclaim filed by Defendant Biomet 3i, LLC, d/b/a ZimVie's ("Biomet"). We conferred with Biomet's counsel regarding sealing, and Biomet does not object to the sealing of the confidential price and discount information contained in Exhibit 1.[1]

  Zest respectfully requests that Exhibits 1 and 4 be filed with redactions to protect sensitive and confidential pricing and discount information. This request is narrowly tailored to limit the information being sealed in Exhibits 1 and 4; Zest does not request that the entirety of these communications be sealed.

  The public and the press have a qualified First Amendment right to access judicial documents and proceedings, which may be overcome in certain circumstances, allowing a court to permit a party to file documents under seal. *See Hartford Courant Co. v. Pellegrino*, 380 F.3d 83, 91-92 (2d Cir. 2004). To overcome the presumption of public access, the court must make "specific, on-the-record findings" for each individual document that sealing "(1) is necessary to preserve higher values," and "(2) is narrowly tailored to achieve that aim." *Brown v. Maxwell*, 929 F.3d 41, 47-48 (2d Cir. 2019). This Court has held that sealing or redacting "commercially

---

[1]  After the Parties conferred, Zest realized that one of the sensitive terms in Exhibit 1 is repeated in Exhibit 4. Accordingly, Zest additionally moves to redact that provision in Exhibit 4.

Simpson Thacher & Bartlett LLP

October 21, 2024  The Honorable Jennifer L. Rochon

sensitive information to protect confidential business interests and financial information" is a "higher value" under the First Amendment that may rebut the presumption of public access. *Rand v. Travelers Indem. Co.*, 2023 WL 4636614, at *2 (S.D.N.Y. July 19, 2023).

Here, disclosure of the pricing and discount terms in Exhibits 1 and 4 could place Zest at a competitive disadvantage when negotiating additional contracts by revealing competitively sensitive information offered to a third-party. This justifies protection of this information in Exhibits 1 and 4. *Id.*; *see also Standard Inv. Chtd., Inc. v. Fin. Indus. Regulatory Auth., Ind.*, 347 F. App'x 615, 617 (2d Cir. 2009) (affirming sealing of information that could cause party "financial harm").

Zest thanks the Court for its consideration of this request.

Respectfully submitted,

SIMPSON THACHER & BARTLETT LLP

/s/ *Michael J. Garvey*
Michael J. Garvey
Alison M. Sher
Nicholas Cunha
425 Lexington Avenue
New York, NY 10017
Telephone: (212) 455-2000
Facsimile: (212) 455-2502
mgarvey@stblaw.com
alison.sher@stblaw.com
nicholas.cunha@stblaw.com

*Attorneys for Plaintiff Zest Anchors, LLC d/b/a Zest Dental Solutions*

cc:   All counsel of record (*by ECF*)

Having reviewed the parties' submissions and proposed redactions, the Court GRANTS the motion to seal. Defendant does not oppose the motion and proposed redactions and the redacted information contains pricing and discount terms. While there is a "presumption of access" to "judicial documents" that applies to these documents, *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006), the privacy interests in the redacted material outweigh the public's interests because the material "contains sensitive information" about Plaintiff's price terms used in contract negotiations that, if disclosed, "might harm [Zest Anchors, LLC's] competitive standing," *Graczyk v. Verizon Commc'ns, Inc.*, No. 18-cv-06465 (PGG), 2020 WL 1435031, at *9 (quoting *Oliver Wyman, Inc. v. Eielson*, 282 F. Supp. 3d 684, 706 (S.D.N.Y. 2017)) (permitting redaction of financial terms in contracts with vendors). The Court has reviewed Plaintiff's proposed redactions to the exhibits and finds them reasonably tailored to protect sensitive financial information. Thus, sealing is appropriate. The Clerk of Court is respectfully directed to terminate the motion at Dkt. 55.

SO ORDERED.

Date:   April 30, 2025
New York, New York

*Jennifer Rochon*
JENNIFER L. ROCHON
United States District Judge